Gheen, J.
delivered the opinion of the court.
From the pleadings and proof, the following facts appear in this cause: The complainant, Williams, being indebted to David Tyree, defendant’s intestate, in the sum of $205, executed his note therefor. Tyree also held a note for $55, on A. Ferguson. These notes were placed by Tyree in the hands of Ferguson, as indemnity, for being Tyree’s security for the stay of execution in a case of R. Allen & Son against him, for a judgment bn a note of $192 38 cents. It was subsequently agreed that complainant would procure one Sloan .to be the security for stay of Allen’s execution and release Ferguson, who was to give up the note on complainant and his own note for $95. Sloan was indebted to Williams $1000, and became security for said stay, and subsequently paid the judgment, amounting with interest to $215, for which sum, a credit was given on the note of $1000, due from him to Williams. Ferguson having been thus released, delivered to Williams for Tyree the notes on himself of $95, and the one on Williams for $205; but this was done after Tyree’s death which had occurred suddenly the same day. The note in favor of Tyree on Ferguson, was sold by Williams, and the proceeds transmitted to Tyree’s son-in-law, J. C. Williams, according to a previous arrangement with Tyree; and Williams retained his own note for $205, due Tyree, assuming that it had been satisfied by the payment of the Allen judgment by Sloan, and for which Sloan had received a credit on the note of $1000 due from him to Williams.
The defendant, Caplinger, administered on Tyree’s estate, and sued Williams for the two notes belonging to his intestate, which Williams had received from Ferguson after Ty *259 ree’s death, and obtained a judgment at law for 1336 75— which this bill is brought to enjoin.
The defendant insists that there has been a trial at law, and that the complainant should have defended himself in that forum; that, not having done so, he cannot be heard in equity. It does not appear from the record what form of action was prosecuted at law, and therefore we do not know that the complainant could have defended himself in that court. An action of trover for the notes, or an action of assumpsit for money had and received, may have been brought. If the former, Williams could not have pleaded his advances for Tyree as an offset; but if the latter, he might have done so. As the defendant relies upon a trial at law in bar of the complainant's right to recover those sums» to which he is manifestly entitled in equity, it was incumbent on him to show the record of the suit at law, that we might see whether a full and adequate remedy existed. Not having done this, and-perceiving that a form of action might have been prosecuted, which would have excluded the complainant’s defence, we are of opinion that the jurisdiction of the court of chancery is not defeated by reason of this trial at law. Affirm the judgment.